UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTELMO CARRERA-AGUILAR,

        Movant,

                                      File No. 1:04-CV-680

v.

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                       /

**MEMORANDUM OPINION AND ORDER**
**SUMMARILY DISMISSING § 2255 MOTION**

        This matter comes before the Court on Movant Antelmo Carrera-Aguilar's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

        On February 5, 2004, Movant entered a plea of guilty to an information charging him with illegal reentry of an alien who had previously been convicted of an aggravated felony offense in violation of 8 U.S.C. § 1326(a), 8 U.S.C. § 1326(b)(2) and 8 U.S.C. § 1101(a)(43)(B). Movant was sentenced on April 21, 2004, to 48 months in custody. Movant did not appeal his conviction or sentence.

        Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order

for its summary dismissal.  Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

Movant contends that this Court improperly enhanced his sentence in violation of his Sixth Amendment rights as outlined in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  *Blakely's* Sixth Amendment analysis was extended to federal sentencing guideline issues in *United States v. Booker*, 125 S. Ct. 738 (2005).  The Supreme Court held in *Booker* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756.

The statute under which Movant was convicted provides that if the alien's "removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."  8 U.S.C. § 1326(b)(2) The term "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21); including a drug trafficking crime (as defined in section 924(c) of Title 18)."

This Court increased Movant's base offense level of 8 by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because Movant was previously deported after sustaining a drug trafficking conviction for which he was sentenced to 21 months in custody.  This sentencing enhancement does not come within the *Booker* prohibition against judicial fact-

finding because it was based upon Movant's prior conviction. "*Booker 's* holding, that the Sixth Amendment bars mandatory enhancements based on judicial fact-finding, does not apply to the 'fact of a prior conviction.'" *United States v. Poole*, 407 F.3d 767, 777 (6th Cir. 2005).

Furthermore, Movant admitted all of the facts regarding his prior conviction that were used to enhance his sentence at the time of his plea. The Sixth Amendment is not violated if the sentence imposed is based solely on facts admitted by the defendant. *See United States v. Webb*, 403 F.3d 373, 381 (6th Cir. 2005) (finding no Sixth Amendment *Booker* violation where sentence was based on facts admitted in the plea agreement); *United States v. Murdock*, 398 F.3d 491, 501-02 (6th Cir. 2005) ("Because facts sufficient to support the sentence were admitted by the defendant, his Sixth Amendment rights were not violated in this case."). Accordingly, because it plainly appears from the face of Movant's § 2255 motion that he is not entitled to habeas relief,

**IT IS HEREBY ORDERED** that Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, is **SUMMARILY DISMISSED** pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

Date:   June 10, 2005            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE

3